UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| **UNITED STATES OF AMERICA** | : | NO. 3:19-CR-212 |
|---|---|---|
| | : | |
| v. | : | (JUDGE MUNLEY) |
| | : | |
| **ROBERT SCOTT a/k/a "Wells**," | : | (electronically filed) |
| Defendant. | : | |

## PLEA AGREEMENT

The following Plea Agreement is entered by the United States

Attorney for the Middle District of Pennsylvania and the above-

captioned defendant.  Any reference to the United States or to the

Government in this Agreement shall mean the Office of the United

States Attorney for the Middle District of Pennsylvania.

## A. Violation(s), Penalties, and Dismissal of Other Counts

1. Guilty plea.  The defendant agrees to plead guilty to Count Five

   of the Indictment, which charges the defendant with a violation

   of Title 21, United States Code, § 841, Possession with Intent to

   Distribute Cocaine, Cocaine Base ("crack"), and

   Methylenedioxymethamphetamine ("MDMA").  The maximum

   penalty for that offense is imprisonment for a period of 20 years,

   a fine of $1,000,000, a maximum term of supervised release of

life, which shall be served at the conclusion of, and in addition to, any term of imprisonment, as well as the costs of prosecution, imprisonment, probation, or supervised release ordered, denial of certain federal benefits, and an assessment in the amount of $100. At the time the guilty plea is entered, the defendant shall admit to the court that the defendant is, in fact, guilty of the offense(s) charged in that count. After sentencing, the United States will move for dismissal of any remaining counts of the indictment. The defendant agrees, however, that the United States may, at its sole election, reinstate any dismissed charges, or seek additional charges, in the event that any guilty plea entered or sentence imposed pursuant to this Agreement is subsequently vacated, set aside, or invalidated by any court. The defendant further agrees to waive any defenses to reinstatement of any charges, or to the filing of additional charges, based upon laches, the assertion of speedy trial rights, any applicable statute of limitations, or any other ground. The calculation of time under the Speedy Trial Act for when trial

2

must commence is tolled as of the date of the defendant's signing of this Plea Agreement.

2.   Term of Supervised Release.  The defendant understands that the court must impose at least a three-year term of supervised release in addition to any term of imprisonment, fine or assessment involving a violation of the Controlled Substances Act.  The defendant also understands that the court must impose a term of supervised release following any sentence of imprisonment exceeding one year, or when required by statute. The court may require a term of supervised release in any other case.  In addition, the defendant understands that as a condition of any term of supervised release or probation, the court must order that the defendant cooperate in the collection of a DNA sample if the collection of a sample is so authorized by law.

3.   No Further Prosecution, Except Tax Charges.  The United States Attorney's Office for the Middle District of Pennsylvania agrees that it will not bring any other criminal charges against

3

the defendant directly arising out of the defendant's
involvement in the offense(s) described above. However,
nothing in this Agreement will limit prosecution for criminal tax
charges, if any, arising out of those offenses.

## B. Fines and Assessments

4. Fine. The defendant understands that the court may impose a
   fine pursuant to the Sentencing Reform Act of 1984. The willful
   failure to pay any fine imposed by the court, in full, may be
   considered a breach of this Plea Agreement. Further, the
   defendant acknowledges that willful failure to pay the fine may
   subject the defendant to additional criminal violations and civil
   penalties pursuant to Title 18, United States Code, § 3611, et
   seq.

5. Alternative Fine. The defendant understands that under the
   alternative fine section of Title 18, United States Code, § 3571,
   the maximum fine quoted above may be increased if the court
   finds that any person derived pecuniary gain or suffered
   pecuniary loss from the offense and that the maximum fine to

4

be imposed, if the court elects to proceed in this fashion, could

be twice the amount of the gross gain or twice the amount of the

gross loss resulting from the offense.

6. <u>Inmate Financial Responsibility Program</u>. If the court orders a

fine or restitution as part of the defendant's sentence, and the

sentence includes a term of imprisonment, the defendant agrees

to voluntarily enter the United States Bureau of Prisons-

administered program known as the Inmate Financial

Responsibility Program, through which the Bureau of Prisons

will collect up to 50% of the defendant's prison salary, and up to

50% of the balance of the defendant's inmate account, and apply

that amount on the defendant's behalf to the payment of the

outstanding fine and restitution orders.

7. <u>Special Assessment</u>. The defendant understands that the court

will impose a special assessment of $100, pursuant to the

provisions of Title 18, United States Code, § 3013. No later

than the date of sentencing, the defendant or defendant's

counsel shall mail a check in payment of the special assessment

directly to the Clerk, United States District Court, Middle District of Pennsylvania. If the defendant intentionally fails to make this payment, that failure may be treated as a breach of this Plea Agreement and may result in further prosecution, the filing of additional criminal charges, or a contempt citation.

8. Collection of Financial Obligations. In order to facilitate the collection of financial obligations imposed in connection with this case, the defendant consents and agrees:

   a. to fully disclose all assets in which the defendant has an interest or over which the defendant has control, directly or indirectly, including those held by a spouse, nominee, or other third party;

   b. to submit to interviews by the Government regarding the defendant's financial status;

   c. to submit a complete, accurate, and truthful financial statement, on the form provided by the Government, to the United States Attorney's Office no later than 14 days following entry of the guilty plea;

6

d.   whether represented by counsel or not, to consent to contact
by and communication with the Government, and to waive
any prohibition against communication with a represented
party by the Government regarding the defendant's
financial status;

e.   to authorize the Government to obtain the defendant's
credit reports in order to evaluate the defendant's ability to
satisfy any financial obligations imposed by the court; and

f.   to submit any financial information requested by the
Probation Office as directed, and to the sharing of financial
information between the Government and the Probation
Office.

## C. Sentencing Guidelines Calculation

9.   <u>Determination of Sentencing Guidelines.</u>  The defendant and
counsel for both parties agree that the United States Sentencing
Commission Guidelines, which took effect on November 1, 1987,
and its amendments, as interpreted by *United States v. Booker*,
543 U.S. 220 (2005), will apply to the offense or offenses to

7

which the defendant is pleading guilty. The defendant further agrees that any legal and factual issues relating to the application of the Federal Sentencing Guidelines to the defendant's conduct, including facts to support any specific offense characteristic or other enhancement or adjustment and the appropriate sentence within the statutory maximums provided for by law, will be determined by the court after briefing, a pre-sentence hearing, and/or a sentencing hearing.

10. Acceptance of Responsibility–Three Levels. If the defendant can adequately demonstrate recognition and affirmative acceptance of responsibility to the Government as required by the Sentencing Guidelines, the Government will recommend that the defendant receive a three-level reduction in the defendant's offense level for acceptance of responsibility. The third level, if applicable, shall be within the discretion of the Government under U.S.S.G. § 3E1.1. The failure of the court to find that the defendant is entitled to a three-level reduction shall not be a basis to void this Plea Agreement.

8

11. Specific Sentencing Guidelines Recommendations. With respect

to the application of the Sentencing Guidelines to the

defendant's conduct, the parties agree to recommend as follows:

**Pursuant to USSG § 2D1.1(c)(8), the defendant was responsible**

**for a quantity of cocaine base, cocaine, and MDMA equivalent to**

**at least 100 kg but less than 400 kg of converted drug weight.**

Each party reserves the right to make whatever remaining

arguments it deems appropriate with regard to application of

the United States Sentencing Commission Guidelines to the

defendant's conduct. The defendant understands that none of

these recommendations is binding upon either the court or the

United States Probation Office, which may make different

findings as to the application of the Sentencing Guidelines to

the defendant's conduct. The defendant further understands

that the United States will provide the court and the United

States Probation Office all information in its possession that it

deems relevant to the application of the Sentencing Guidelines

to the defendant's conduct.

9

## D. Sentencing Recommendation

12. Specific Recommendation of Sentence. At the time of sentencing, the United States will make a specific recommendation within the applicable guideline range and reserves the right to recommend the maximum sentence within that range.

13. Special Conditions of Probation/Supervised Release. If probation or a term of supervised release is ordered, the United States may recommend that the court impose one or more special conditions, including but not limited to the following:

    a. The defendant be prohibited from possessing a firearm or other dangerous weapon.

    b. The defendant make restitution, if applicable, the payment of which shall be in accordance with a schedule to be determined by the court.

    c. The defendant pay any fine imposed in accordance with a schedule to be determined by the court.

10

d.  The defendant be prohibited from incurring new credit charges or opening additional lines of credit without approval of the Probation Office unless the defendant is in compliance with the payment schedule.

e.  The defendant be directed to provide the Probation Office and the United States Attorney access to any requested financial information.

f.  The defendant be confined in a community treatment center, halfway house, or similar facility.

g.  The defendant be placed under home confinement.

h.  The defendant be ordered to perform community service.

i.  The defendant be restricted from working in certain types of occupations or with certain individuals, if the Government deems such restrictions to be appropriate.

j.  The defendant be directed to attend substance abuse counseling, which may include testing to determine whether the defendant is using drugs or alcohol.

11

  k. The defendant be directed to attend psychiatric or psychological counseling and treatment in a program approved by the Probation Officer.

  l. The defendant be denied certain federal benefits including contracts, grants, loans, fellowships, and licenses.

  m. The defendant be directed to pay any state or federal taxes and file any and all state and federal tax returns as required by law.

## E. Information Provided to Court and Probation Office

14. Background Information for Probation Office. The defendant understands that the United States will provide to the United States Probation Office all information in its possession that the United States deems relevant regarding the defendant's background, character, cooperation, if any, and involvement in this or other offenses.

15. Objections to Pre-Sentence Report. The defendant understands that pursuant to the United States District Court for the Middle District of Pennsylvania "Policy for Guideline Sentencing" both

12

the United States and defendant must communicate to the
Probation Officer within 14 days after disclosure of the pre-
sentence report any objections they may have as to material
information, sentencing classifications, sentencing guideline
ranges, and policy statements contained in or omitted from the
report. The defendant agrees to meet with the United States at
least five days prior to sentencing in a good faith attempt to
resolve any substantive differences. If any issues remain
unresolved, they shall be communicated to the Probation Officer
for inclusion in an addendum to the pre-sentence report. The
defendant agrees that unresolved substantive objections will be
decided by the court after briefing, or a pre-sentence hearing, or
at the sentencing hearing where the standard or proof will be a
preponderance of the evidence, and the Federal Rules of
Evidence, other than with respect to privileges, shall not apply
under Fed. R. Evid. 1101(d)(3), and the court may consider any
reliable evidence, including hearsay. Objections by the

13

defendant to the pre-sentence report or the court's rulings, will
not be grounds for withdrawal of a plea of guilty.

16. Relevant Sentencing Information. At the sentencing, the
United States will be permitted to bring to the court's attention,
and the court will be permitted to consider, all relevant
information about the defendant's background, character and
conduct, including the conduct that is the subject of the charges
that the United States has agreed to dismiss, and the nature
and extent of the defendant's cooperation, if any. The United
States will be entitled to bring to the court's attention and the
court will be entitled to consider any failure by the defendant to
fulfill any obligation under this Agreement.

17. Non-Limitation on Government's Response. Nothing in this
Agreement shall restrict or limit the nature or content of the
United States' motions or responses to any motions filed on
behalf of the defendant. Nor does this Agreement in any way
restrict the government in responding to any request by the
court for briefing, argument or presentation of evidence

regarding the application of Sentencing Guidelines to the

defendant's conduct, including but not limited to, requests for

information concerning possible sentencing departures.

### F. Court Not Bound by Plea Agreement

18. Court Not Bound by Terms. The defendant understands that

the court is not a party to and is not bound by this Agreement,

or any recommendations made by the parties. Thus, the court is

free to impose upon the defendant any sentence up to and

including the maximum sentence of imprisonment for 20 years,

a fine of $1,000,000, a maximum term of supervised release of

up to lifears, which shall be served at the conclusion of and in

addition to any term of imprisonment, the costs of prosecution,

denial of certain federal benefits, and assessments totaling

$100.

19. No Withdrawal of Plea Based on Sentence or Recommendations.

If the court imposes a sentence with which the defendant is

dissatisfied, the defendant will not be permitted to withdraw

any guilty plea for that reason alone, nor will the defendant be

15

permitted to withdraw any pleas should the court decline to

follow any recommendations by any of the parties to this

Agreement.

## G. Breach of Plea Agreement by Defendant

20. Breach of Agreement. In the event the United States believes

the defendant has failed to fulfill any obligations under this

Agreement, then the United States shall, in its discretion, have

the option of petitioning the court to be relieved of its

obligations. Whether the defendant has completely fulfilled all

of the obligations under this Agreement shall be determined by

the court in an appropriate proceeding during which any

disclosures and documents provided by the defendant shall be

admissible, and during which the United States shall be

required to establish any breach by a preponderance of the

evidence. In order to establish any breach by the defendant, the

United States is entitled to rely on statements and evidence

given by the defendant during the cooperation phase of this

Agreement, if any.

16

21. <u>Remedies for Breach</u>.  The defendant and the United States
    agree that in the event the court concludes that the defendant
    has breached the Agreement:

    a.  The defendant will not be permitted to withdraw any guilty
        plea tendered under this Agreement and agrees not to
        petition for withdrawal of any guilty plea;

    b.  The United States will be free to make any
        recommendations to the court regarding sentencing in this
        case;

    c.  Any evidence or statements made by the defendant during
        the cooperation phase of this Agreement, if any, will be
        admissible at any trials or sentencings;

    d.  The United States will be free to bring any other charges it
        has against the defendant, including any charges originally
        brought against the defendant or which may have been
        under investigation at the time of the plea.  The defendant
        waives and hereby agrees not to raise any defense to the

17

reinstatement of these charges based upon collateral

estoppel, Double Jeopardy, or other similar grounds.

22. Violation of Law While Plea or Sentence Pending. The

defendant understands that it is a condition of this Plea

Agreement that the defendant refrain from any further

violations of state, local, or federal law while awaiting plea and

sentencing under this Agreement. The defendant acknowledges

and agrees that if the government receives information that the

defendant has committed new crimes while awaiting plea or

sentencing in this case, the government may petition the court

and, if the court finds by a preponderance of the evidence that

the defendant has committed any other criminal offense while

awaiting plea or sentencing, the Government shall be free at its

sole election to either: (a) withdraw from this Agreement; or (b)

make any sentencing recommendations to the court that it

deems appropriate. The defendant further understands and

agrees that, if the court finds that the defendant has committed

any other offense while awaiting plea or sentencing, the

18

defendant will not be permitted to withdraw any guilty pleas

tendered pursuant to this Plea Agreement, and the government

will be permitted to bring any additional charges that it may

have against the defendant.

## H. Transfer of Information to IRS

23. Transfer of Case to IRS. The defendant agrees to interpose no

objection to the United States transferring evidence or

providing information concerning the defendant and/or this

offense, to other state and federal agencies or other

organizations, including, but not limited to the Internal

Revenue Service, law enforcement agencies and licensing and

regulatory agencies.

24. Collection Action by IRS. Nothing in this Agreement shall limit

the Internal Revenue Service in its collection of any taxes,

interest or penalties due from the defendant arising out of or

related in any way to the offenses identified in this Agreement.

25. Rule 6(e) Order for Transfer of Information to IRS. The

defendant agrees to interpose no objections to the entry of an

19

order under Fed. R. Crim. P. 6(e) authorizing transfer to the Examination Division of the Internal Revenue Service of the defendant's documents, or documents of third persons, in possession of the Grand Jury, the United States Attorney, or the Criminal Investigation Division of the Internal Revenue Service.

26. <u>Cooperation with IRS</u>. The defendant agrees to fully comply and cooperate with the Internal Revenue Service by filing all delinquent or amended tax returns by the date of the defendant's sentencing, and to timely file all future returns, which may come due during the term of incarceration, probation or supervised release. The defendant also agrees to cooperate with the Internal Revenue Service by furnishing the Internal Revenue Service with all information pertaining to the defendant's assets and liabilities, as well as all documentation in support of tax returns filed by the defendant during the term of any sentence imposed pursuant to this guilty plea. The defendant further agrees to pay all taxes, interests, and

20

penalties due and owing to the United States and otherwise
fully comply with the tax laws of the United States. The
defendant understands, and agrees, that this requirement of
full compliance with federal tax laws may be made a condition
of any probation or supervised release imposed in this case.

## I.  Deportation

27. Deportation/Removal from the United States. The defendant
    understands that, if defendant is not a United States citizen,
    deportation/removal from the United States is a possible
    consequence of this plea. The defendant further agrees that
    this matter has been discussed with counsel who has explained
    the immigration consequences of this plea. Defendant still
    desires to enter into this plea after having been so advised.

## J.  Appeal Waiver

28. Appeal Waiver – Direct. The defendant is aware that Title 28,
    United States Code, § 1291 affords a defendant the right to
    appeal a judgment of conviction and sentence; and that Title 18,
    United States Code, § 3742(a) affords a defendant the right to

21



appeal the sentence imposed. Acknowledging all of this, the defendant knowingly waives the right to appeal the conviction and sentence. This waiver includes any and all possible grounds for appeal, whether constitutional or non-constitutional, including, but not limited to, the manner in which that sentence was determined in light of *United States v. Booker*, 543 U.S. 220 (2005). The defendant further acknowledges that this appeal waiver is binding only upon the defendant and that the United States retains its right to appeal in this case.

## K. Other Provisions

29. <u>Agreement Not Binding on Other Agencies</u>.  Nothing in this Agreement shall bind any other United States Attorney's Office, state prosecutor's office, or federal, state or local law enforcement agency.

30. <u>No Civil Claims or Suits</u>.  The defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently

22

known to the defendant, arising out of the investigation, prosecution or cooperation, if any, covered by this Agreement, including but not limited to any claims for attorney's fees and other litigation expenses arising out of the investigation and prosecution of this matter. By the defendant's guilty plea in this matter the defendant further acknowledges that the Government's position in this litigation was taken in good faith, had a substantial basis in law and fact and was not vexatious.

31. Plea Agreement Serves Ends of Justice. The United States is entering into this Plea Agreement with the defendant because this disposition of the matter fairly and adequately addresses the gravity of the series of offenses from which the charges are drawn, as well as the defendant's role in such offenses, thereby serving the ends of justice.

32. Merger of All Prior Negotiations. This document states the complete and only Plea Agreement between the United States Attorney for the Middle District of Pennsylvania and the defendant in this case, and is binding only on the parties to this

23

Agreement and supersedes all prior understandings or plea offers, whether written or oral. This agreement cannot be modified other than in writing that is signed by all parties or on the record in court. No other promises or inducements have been or will be made to the defendant in connection with this case, nor have any predictions or threats been made in connection with this plea. Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the defendant certifies that the defendant's plea is knowing and voluntary, and is not the result of force or threats or promises apart from those promises set forth in this written Plea Agreement.

33. Defendant is Satisfied with Assistance of Counsel. The Defendant agrees that the defendant has discussed this case and this plea agreement in detail with the defendant's attorney who has advised the defendant of the defendant's Constitutional and other trial and appeal rights, the nature of the charges, the elements of the offenses the United States would have to prove at trial, the evidence the United States would present at such

24

trial, possible defenses, the advisory Sentencing Guidelines and other aspects of sentencing, potential losses of civil rights and privileges, and other potential consequences of pleading guilty in this case. The defendant agrees that the defendant is satisfied with the legal services and advice provided to the defendant by the defendant's attorney.

34. <u>Deadline for Acceptance of Plea Agreement</u>. The original of this Agreement must be signed by the defendant and defense counsel and received by the United States Attorney's Office on or before 5:00 p.m., ~~October 3, 2019,~~ otherwise the offer may, in  *SAC* the sole discretion of the Government, be deemed withdrawn.

35. <u>Required Signatures</u>. None of the terms of this Agreement shall be binding on the Office of the United States Attorney for the Middle District of Pennsylvania until signed by the defendant and defense counsel and then signed by the United States Attorney or his designee.

25

## ACKNOWLEDGMENTS

I have read this agreement and carefully reviewed every part of it with my attorney.  I fully understand it and I voluntarily agree to it.

12/19/20
Date

ROBERT SCOTT
Defendant

I am the defendant's counsel.  I have carefully reviewed every part of this agreement with the defendant.  To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

12/19/19
Date

SHELIA L. CENTINI, ESQ.
Counsel for Defendant

DAVID J. FREED
United States Attorney

2/10/20
Date

By:

SEAN A. CAMONI
Assistant United States Attorney

26